# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2014

Lyle W. Cayce
Clerk

No. 12-40205

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL ESCOBEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before DENNIS, CLEMENT, and SOUTHWICK, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Defendant-Appellant Daniel Escobedo appeals from his conviction by a jury of conspiracy to transport an illegal alien within the United States for private financial gain. *See* 8 U.S.C. § 1324. Escobedo argues for reversal of his conviction because the district court erroneously allowed the government to introduce at trial evidence of his withdrawn guilty plea and related inculpatory statements. Escobedo originally entered a guilty plea agreement with the government and tendered a guilty plea to a magistrate judge. The guilty plea agreement contained what the government contends was Escobedo's waiver of his right to exclude from evidence his guilty plea and related statements under Federal Rule of Evidence 410(a) and Federal Rule of Criminal Procedure 11(f).

No. 12-40205

Before the guilty plea was accepted by the district court, Escobedo withdrew it as he had an absolute right to do under Federal Rule of Criminal Procedure 11(d)(1). *See United States v. Arami*, 536 F.3d 479 (5th Cir. 2008). At trial, over Escobedo's objection, the district court allowed the prosecution to introduce evidence of his withdrawn guilty plea and related inculpatory statements. On appeal, we conclude that the plea agreement is ambiguous as to whether the waiver of Escobedo's right to exclude his withdrawn guilty plea and related inculpatory statements under Federal Rule of Evidence 410(a) and Federal Rule of Criminal Procedure 11(f) was effective immediately or contingent upon the district court's acceptance of his guilty plea, which never occurred. Because an ambiguous plea agreement must be reasonably construed in favor of the defendant, the district court erred in reading the waiver as taking effect immediately rather than upon its acceptance of his guilty plea, and in allowing the government to introduce Escobedo's withdrawn guilty plea and related inculpatory statements at trial. Consequently, we reverse and remand the case to the district court for further proceedings.

## I.

Escobedo was indicted on one count of conspiring to transport an illegal alien within the United States for private financial gain (count one) and two counts of concealing, harboring, and shielding illegal aliens (counts two and three), all in violation of 8 U.S.C. § 1324. Escobedo appeared before the magistrate judge and initially tendered a plea of guilty to count one of the indictment pursuant to a plea agreement.[1]

---

[1] A defendant's initial plea entered during arraignment does not become final until it is accepted by the district court and embodied in the judgment of the court. *See* FED. R. CRIM. P. 11; *Wood v. United States*, 128 F.2d 265, 273 (D.C. Cir. 1942) ("The plea on arraignment . . . is necessary to inform the court how to proceed with the trial. . . . The function of that plea is to put the Government to its proof and to preserve the right to defend.").

No. 12-40205

The plea agreement contained a section entitled "Breach of Plea Agreement" in which Escobedo agreed that if he should breach the plea agreement he would thereby waive his right to exclude inculpatory statements under the rules that generally render evidence relating to withdrawn plea agreements and related statements inadmissible at trial. *See* FED. R. EVID. 410(a) (making inadmissible, *inter alia*, "a guilty plea that was later withdrawn" and "a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea"); FED. R. CRIM. P. 11(f) ("The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410.").[2]

Before the district court accepted his plea, Escobedo filed a motion to withdraw his guilty plea. Because "[a] defendant may withdraw a plea of guilty . . . before the court accepts the plea, for any reason or no reason[,]" FED. R. CRIM. P. 11(d), (d)(1), the district court, with the government's acquiescence, granted the motion to withdraw the plea and the case was set for trial. Thus, Escobedo withdrew his guilty plea before it was accepted by the district court, as was his absolute, unqualified right. *See Arami*, 536 F.3d at 483, 484 (explaining a defendant has an "absolute" and "unqualified" right to withdraw his or her plea under such circumstances and it is plain error to deny a request to do so).

Prior to trial, the government gave Escobedo notice that if he testified in his own defense, the government intended to use statements he made in connection with his withdrawn plea of guilty during its cross-examination for the purpose of impeachment, citing the Rule 410(a) waiver in Escobedo's withdrawn plea agreement. Escobedo objected. The district court ruled that the factual

---

[2] For ease of reference, we refer to such waivers as "Rule 410(a) waivers."

3

No. 12-40205

basis of Escobedo's withdrawn plea agreement and the statements he made in connection with entering a plea of guilty would be admissible as impeachment evidence and in the government's case-in-chief.

During the Government's case-in-chief and over defense counsel's objection, Border Patrol Agent Gabriel Aguirre read into the record statements to which Escobedo agreed in his plea agreement, including a lengthy recitation of inculpatory facts and the statement that Escobedo "now judicially admits that he conspired to knowingly transport, for profit, aliens who had come to, entered, and remained in the United States in violation of law." Agent Aguirre also read the assertion in the document that Escobedo was "pleading guilty freely and voluntarily, because he/she feels is [*sic*] guilty." Agent Aguirre indicated that the guilty plea was later withdrawn. Escobedo took the stand in his own defense and stated that he did not wish to plead guilty because he was not guilty. In questioning Escobedo, the Government also used the transcript from the plea colloquy. On cross-examination, Escobedo admitted that, at the time he initially tendered a plea of guilty to the magistrate judge, he swore under oath that the factual basis of the plea was true and accurate. He also admitted that he had testified at the rearraignment hearing under penalty of perjury.

The jury found Escobedo guilty of the charge in count one, conspiracy to transport an illegal alien for private financial gain. The district court granted Escobedo's motion for acquittal on the remaining charges in counts two and three of concealing, harboring, and shielding illegal aliens. *See* FED. R. CRIM. P. 29. Escobedo timely appealed his conviction on count one.[3]

---

[3] No cross-appeal was taken from the district court's order granting Escobedo's motion for acquittal on counts two and three. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564 (1977).

4

No. 12-40205

## II.

The question presented is whether Escobedo waived the protections of Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410(a) under the circumstances presented in this case. This is a question of law that we review *de novo*.[4]

## A.

Federal Rule of Evidence 410(a) provides that, subject to certain exceptions not applicable here, "[i]n a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: (1) a guilty plea that was later withdrawn; (2) a nolo contendere plea; (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea." Federal Rule of Criminal Procedure 11(f) provides that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410."[5]

---

[4] *See United States v. Nelson*, 732 F.3d 504, 516-17 (5th Cir. 2013); *United States v. Roberts*, 624 F.3d 241, 245 (5th Cir. 2010); *United States v. Cvijanovich*, 556 F.3d 857, 862 (8th Cir. 2009) ("Issues concerning the interpretation and enforcement of a plea agreement are reviewed de novo." (quotation marks omitted)); CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, 1A FEDERAL PRACTICE & PROCEDURE § 180, at 320-21 & n.56 (4th ed. 2008 & Supp. 2013).

[5] Courts have read Rules 410(a) and 11(f) to include statements made in the defendant's written plea agreement because such statements constitute evidence of the withdrawn guilty plea itself, *see* FED. R. EVID. 410(a)(1) & (a)(3), and are "related" to a withdrawn guilty plea, FED. R. CRIM. P. 11(f). *See Nelson*, 732 F.3d at 516-17 (considering whether factual basis recited in withdrawn plea agreement was admissible despite the protections of Rule 410(a) because the agreement contained a Rule 410(a) waiver); *United States v. Sylvester*, 583 F.3d 285, 291 n.26 (5th Cir. 2009) (citing with approval authority "considering statements made in the defendant's written plea agreement and during subsequent debriefing sessions as covered by the protections of Rules 410 and 11(e)(6) (now 11(f))" (citing *United States v. Burch*, 156 F.3d 1315, 1322-23 (D.C. Cir. 1998))); CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., 23

No. 12-40205

Notwithstanding the admonition in Rules 410(a) and 11(f) that evidence relating to a withdrawn guilty plea and withdrawn plea agreement is generally inadmissible, a criminal defendant may waive the protections of Rules 410(a) and 11(f), so long as the waiver is explicit, knowing, and voluntary, for the purpose of impeachment, *United States v. Mezzanatto*, 513 U.S. 196 (1995), and for admission in the government's case-in-chief, *Sylvester*, 583 F.3d at 289. Accordingly, we will enforce knowing and voluntary waivers by defendants of the protections of Rule 410(a). *See, e.g.*, *Nelson*, 732 F.3d at 517; *Sylvester*, 583 F.3d at 289-90.

### B.

We construe a plea "agreement like a contract, seeking to determine the defendant's 'reasonable understanding' of the agreement and construing ambiguity against the Government." *United States v. Farias*, 469 F.3d 393, 397 (5th Cir. 2006); *accord United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008) ("[A] plea agreement is construed strictly against the Government as the drafter."); *United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009) ("The government bears the burden of establishing that the plea agreement clearly and unambiguously waives the defendant's right[s][.]").

The language by which the government contends Escobedo waived his rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410(a) of the Federal Rules of Evidence is contained in a section of the plea

---

FEDERAL PRACTICE & PROCEDURE § 5343, at 362 (1st ed. 1980 & Supp. 2012) ("Rule 410 excludes any evidence of a withdrawn plea of guilty; it does not distinguish between direct and circumstantial evidence. Hence, any evidence that would permit the jury to infer that the defendant had once pleaded guilty would be within the scope of the rule.") (footnotes omitted); DAVID P. LEONARD, THE NEW WIGMORE: SELECTED RULES OF LIMITED ADMISSIBILITY § 5.8.2, at 629 (Rev'd ed. 2002 & Supp. 2014) ("[T]he principle should be clear: If the withdrawn guilty plea is inadmissible, evidence or argument suggesting that such a plea had once been entered should also be excluded.").

agreement entitled "Breach of Plea Agreement." That section provides as follows:

## Breach of Plea Agreement

> If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then [the government] may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, can and will be used against defendant in any prosecution. Additionally, all statements made pursuant to this plea agreement will be admissible against [Escobedo] who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

We conclude that the foregoing section is ambiguous as to whether Escobedo intended to waive his Rule 410(a) and 11(f) rights contemporaneously with his signing of the plea agreement, or, instead, intended to waive them only upon the district court's acceptance and activation of his guilty plea. Escobedo had an absolute right under Federal Rule of Criminal Procedure 11(d)(1) to withdraw his guilty plea before it was accepted by the district court. Nothing in the plea agreement clearly and unambiguously states that Escobedo waived his right to withdraw his guilty plea prior to acceptance when he entered the plea agreement. Consequently, the plea agreement may reasonably be interpreted so as to not waive Escobedo's Rule 410(a) and 11(f) rights if he prevented his guilty plea from becoming effective by withdrawing it prior to its acceptance by the district court.

No. 12-40205

Other features of the plea agreement support this interpretation as well. Inclusion of the waiver of Rule 410(a) and 11(f) rights in a section preceded by the header "Breach of Agreement" suggests that it would become effective only if Escobedo breached the agreement. However, the section does not clearly or unambiguously state what constitutes a breach of the agreement. As noted, the section does not state or even imply clearly that Escobedo's withdrawal of his guilty plea under Federal Rule of Criminal Procedure 11(d)(1) would constitute a breach of the agreement. Further, when Escobedo moved to withdraw his guilty plea, the district court and the government agreed that he had a right to do so under Rule 11(d)(1), and the plea was withdrawn. The statement in the section to the effect that Escobedo's failure to fulfill all his obligations releases the government from its obligations but requires that Escobedo's "plea and sentence will stand," appears to be conditioned on the district court's acceptance of the tendered guilty plea and imposition of a sentence upon Escobedo. Although it may be possible to arrive at a contrary reasonable interpretation of the plea agreement, because the agreement is ambiguous it must be construed reasonably in Escobedo's favor.

For these reasons, we conclude that Escobedo's Rule 410(a) and 11(f) waiver did not become effective under the circumstances of this case, and that his guilty plea and the factual basis recited in Escobedo's withdrawn plea agreement and statements he made at the rearraignment hearing before the magistrate judge in connection with his initial plea of guilty were inadmissible at Escobedo's trial. *See* FED. R. EVID. 410(a); FED. R. CRIM. P. 11(f). The district court erred by allowing the prosecutor to present those statements to the jury.

No. 12-40205

## III.

For the foregoing reasons, the judgment of the district court with respect to count one of the indictment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.[6]

---

[6] The government does not dispute that Escobedo's judgment of acquittal on the remaining counts is final, *see Martin Linen Supply Co.*, 430 U.S. 564, barring retrial on all counts but count one.