# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30738
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHARLES A. LANPHIER,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-127

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Charles A. Lanphier challenges the restitution order of approximately $5.98 million, imposed following his guilty plea to failure to pay employment taxes, in violation of 26 U.S.C. § 7202. For the first time on appeal, he asserts the court exceeded its statutory authority to impose restitution under 18 U.S.C. § 3663(a), claiming that, pursuant to the plea-agreement's plain language, the amount exceeds that agreed upon by the parties. (The

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-30738

Government does *not* claim Lanphier's limited waiver of his right to appeal bars review of the issue presented.)

Under that agreement, the parties stated the court "will order full restitution from [Lanphier's] scheme, as outlined in paragraph 11 above, in an amount to be determined by the Court"; and *"shall not be limited to the counts of conviction in determining and ordering full restitution"*. (Emphasis added.) Paragraph 11 described Lanphier's failure to pay employment taxes between 2008 and 2011 (totaling more than $2.5 million), but not any failures to pay employment taxes before 2008; but, it also described other failures regarding his personal federal income-tax returns starting in 2002. Moreover, the parties stipulated "the loss caused by [his] scheme was more than $2.5 million but not more than $7 million", and stated Lanphier understood "the Court may . . . order restitution in accordance with the law", which he confirmed at arraignment and at sentencing.

The parties agree the court was authorized, as stated in 18 U.S.C. § 3663(a)(3), to "order restitution . . . to the extent agreed to by the parties in a plea agreement". *See United States v. Simmons*, 420 F. App'x 414, 421 (5th Cir. 2011). Therefore, although Lanphier frames his contention as the restitution's exceeding the court's statutory authority because it includes tax years preceding 2008, his claim does not require interpreting § 3663(a)(3). Instead, only the quantum of restitution intended under the plea agreement need be addressed.

The Pre-Sentence Investigation Report (PSR) calculated unpaid employment taxes in each year between 2005 and 2011. The court relied on the PSR in setting the amount for restitution and specifically included amounts of restitution for each of those years. Because Lanphier did not object either to the calculations provided in the PSR or the court's reliance on the

PSR in setting the amount of restitution, review is only for plain error. *E.g., United States v. De Leon*, 728 F.3d 500, 507 (5th Cir. 2013); *United States v. Rosbottom*, 763 F.3d 408, 419 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 985 (2015), *and cert. denied sub nom. Kisla v. United States*, 135 S. Ct. 989 (2015).  Under that standard, Lanphier must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The district court's interpretation of the plea agreement is subject to reasonable dispute; therefore, it is not *clearly* erroneous. *See Puckett*, 556 U.S. at 135.  In the alternative, Lanphier's substantial rights were not affected:  the amount of restitution represents actual loss caused by his scheme; the court confirmed Lanphier understood he could be required to pay "full restitution"; and, although the court could have imposed additional financial penalties, it refrained from doing so. *See Puckett*, 556 U.S. at 135; *United States v. Miller*, 406 F.3d 323, 330–31 (5th Cir. 2005).

AFFIRMED.