J-A22029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                         :          PENNSYLVANIA
                                         :
          v.                      :
                                         :
                                       :
BRANDON JUNE WILSON          :
                                         :
          Appellant          :  No. 3217 EDA 2016

Appeal from the Judgment of Sentence September 6, 2016
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000597-2014

BEFORE:   BOWES, J., LAZARUS, J., and PLATT*, J.

CONCURRING MEMORANDUM BY BOWES, J.:   **FILED JANUARY 19, 2018**

I agree with my learned colleagues that the trial court incorrectly determined that Appellant knowingly and intelligently waived the protections afforded by Pennsylvania Rule of Evidence 410, which barred any statements made by Appellant during plea negotiations, and that the error was not harmless beyond a reasonable doubt.  I write separately to set forth my view that this issue does not present a question of whether Rule 410 was waived as a part of the plea agreement.  Additionally, "Because a successful sufficiency of the evidence claim warrants discharge on the pertinent crime, we must address this issue first." ***Commonwealth v. Toritto***, 67 A.3d 29, 33 (Pa.Super. 2013) (citation omitted).

In reviewing the sufficiency of the evidence of third-degree homicide, our standard of review is well-settled.  Whether the evidence was sufficient to sustain the charge presents a question of law.  Our standard of review

_____
* Retired Senior Judge assigned to the Superior Court.

is *de novo* and our scope of review is plenary. ***Commonwealth v. Walls***, 144 A.3d 926, 931 (Pa.Super. 2016) (citation omitted). In conducting our inquiry, we

> examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

***Commonwealth v. Doughty***, 126 A.3d 951, 958 (Pa. 2015).

However, a review of Appellant's argument demonstrates that it is, in fact, a weight of the evidence claim. Appellant attacks the credibility of the witnesses, concluding that "None of these individuals [was] worthy of belief. All of them had a motive to testify falsely against [Appellant], and to identify him as the shooter. . . . The countless lies and multiple self-serving versions of events provided by these individuals are too flawed to be worthy of belief." Appellant's brief at 37. "A claim attacking the weight of the evidence . . . questions which evidence the fact-finder should have believed." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013). The jury was free to credit or discredit the testimony as it saw fit for sufficiency purposes, and we cannot reevaluate its determinations. Therefore, Appellant's sufficiency argument fails.

I now address Appellant's argument regarding the trial court's denial of his motion to preclude statements made during plea negotiations. The

- 2 -

key exchange occurred during a May 21, 2014 meeting between Appellant, his counsel, two prosecutors, and investigating officers:

> [Assistant District Attorney]: We're here today on May 21, 2014 for a proffer involving Brandon Wilson. . . . I talked to your attorney and essentially I am offering the same thing all the other persons charged as accomplices in the murder of Darcy Kravchenko have been offered. And that is, for you to give a truthful proffer and otherwise cooperate with the investigators in that case, but **whatever you give will be subject to use and derivative use immunity**. **We will not be using your statements against you or evidence derived from your statements against you in any court proceeding**.
>
> Mr. Wilson: Okay.
>
> [Assistant District Attorney]: But it has to be truthful.
>
> Mr. Wilson: Yes I will.
>
> [Assistant District Attorney]: **Or everything goes away**. In exchange for which you will be offered a plea of guilty to Murder in the Third Degree as an Accomplice under 18 Pa. C.S. § 2502(c) and 18 Pa. C.S. § 306. There is no agreement on sentencing, but the Commonwealth, the District Attorney are not in opposition to meeting with the Judge and your lawyer in chambers to get an idea of what exposure you're going to have.
>
> Mr. Wilson: Okay.

Commonwealth's brief at 9-10 (citing transcript, emphases added).

Appellant also agreed that he would testify against his co-defendants. He then supplied statements, and later entered a guilty plea to third-degree homicide as specified during the conversation, with sentencing deferred pending the outcome of the other cases. However, Appellant later refused to testify, and the plea was withdrawn. Thereafter, Appellant filed the motion to preclude, which the trial court denied.

The Commonwealth concedes that Appellant made these statements during a plea negotiation process, and therefore they fell within the ambit of Pennsylvania Rule of Evidence 410, which provides:

> **(a) Prohibited Uses.** In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
>
> (1) a guilty plea that was later withdrawn;
>
> (2) a *nolo contendere* plea;
>
> (3) a statement made in the course of any proceedings under Rules 311, 313, 409, 414, 424, 550 or 590 of the Pennsylvania Rules of Criminal Procedure, Rule 11 of the Federal Rules of Criminal Procedure, or a comparable rule or procedure of another state; or
>
> (4) **a statement made during plea discussions with an attorney for the prosecuting authority if the discussions** did not result in a guilty plea or they **resulted in a later withdrawn guilty plea**.

Pa.R.E. 410 (emphases added). Hence, the statements were categorically inadmissible absent a valid waiver of Rule 410's protections.

I agree with my learned colleagues that the trial court erroneously permitted introduction of these statements and that the error was not harmless beyond a reasonable doubt. The Majority views this issue as presenting an abuse of discretion. Preliminarily, I recognize that *Commonwealth v. Widmer*, 120 A.3d 1023 (Pa.Super. 2015), similarly viewed the introduction of statements covered by Rule 410 as falling under the usual abuse of discretion framework concerning evidentiary issues.

However, that case appeared to actually analyze the validity of the waiver as a question of law. I submit that Rule 410 affords the trial court no discretion to admit statements made during plea discussions, absent a waiver. In turn, whether Appellant waived Rule 410 presents a question of law, which we review *de novo*.[1] Since the abuse of discretion analysis requires proper application of the law, the distinction between these points may often be immaterial. However, for the sake of clarity, I would explicitly hold that a waiver of Rule 410 must be reviewed as a question of law, and that this purported waiver failed that test. My reasoning follows.

Our precedents have adopted the analysis of **United States v. Mezzanatto**, 513 U.S. 196 (1995), in which the United States Supreme Court analyzed the federal analog to Rule 410 and concluded that a criminal defendant may waive its protections. In **Mezzanatto**, the High Court set forth the basic facts:

---

[1] I agree with the United States Court of Appeals for the Fifth Circuit's observation regarding the standard of review:

> Whether [federal] Rule 410 is waivable with respect to the use of plea statements in the government's case-in-chief is a legal conclusion, reviewed *de novo*. While the government is correct that a district court's admission of evidence, if objected to, is reviewed for abuse of discretion, *de novo* review of attendant legal issues is a component part of that abuse of discretion review.

**United States v. Sylvester**, 583 F.3d 285, 288, n.4 (5th Cir. 2009).

> [Mezzanatto] and his attorney asked to meet with the prosecutor to discuss the possibility of cooperating with the Government. The prosecutor agreed to meet later that day. At the beginning of the meeting, the prosecutor informed respondent that he had no obligation to talk, but that if he wanted to cooperate he would have to be completely truthful. **As a condition to proceeding with the discussion, the prosecutor indicated that respondent would have to agree that any statements he made during the meeting could be used to impeach any contradictory testimony he might give at trial if the case proceeded that far**. Respondent conferred with his counsel and agreed to proceed under the prosecutor's terms.

*Id*. at 198 (emphasis added). The United States Court of Appeals for the Ninth Circuit held that the rule's protections could not be waived. The Supreme Court disagreed, and ultimately noted that, "[A]bsent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable." *Id*. at 210. Therefore, *Mezzanatto*, and our acceptance of its principles, stands for the proposition that Rule 410 may be waived, but the case does not dictate what form a valid waiver must take.

In any event, the agreement referred to in the foregoing *Mezzanatto* quotation is clearly referring to the agreement that "[Mezzanatto] would have to agree that any statements he made . . . could be used to impeach any contradictory testimony he might give at trial" as a condition precedent to plea discussions. *Id*. at 198. In contrast, the Commonwealth appears to view the reference to "agreement" as referring to the plea agreement, which was subsequently withdrawn. "[N]owhere in the record of either pretrial or

- 6 -

post trial proceedings did the appellant raise the issue of involuntariness as a basis for invalidating the plea agreement or that his decision to enter into the plea agreement was unknowing in the first instance." Appellant's brief at 18.

As the Majority notes, there is nothing to indicate the Commonwealth conditioned its willingness to engage in plea discussions upon Appellant's agreement to forego Rule 410's protections, which was the case in **Mezzanatto**. The Commonwealth pays no heed to this distinction, and instead focuses on the fact that Appellant accepted a plea, which was later withdrawn.[2] "The lower court found that there was no evidence that the defendant's entry into the agreement was unknowing or involuntary and as a result, in light of his breach, the statement under oath could be utilized at trial." **Id**. at 14. By referencing Appellant's breach, the Commonwealth appears to view the introduction of his statements as, in effect, damages. Putting aside the questionable notion that damages for violation of a plea agreement can justify introducing statements made during a plea

---

[2] **Mezzanatto** involved only the introduction of inculpatory statements for impeachment purposes and not, as occurred herein, as substantive evidence introduced in the case-in-chief. Justice Ginsburg, joined by Justices O'Connor and Breyer, filed a concurring statement noting that "a waiver to use such statements in the case in chief would more severely undermine a defendant's incentive to negotiate, and thereby inhibit plea bargaining." **Id**. at 11. However, since the Government did not seek a waiver for those purposes, the three Justices did not comment further. Our precedents have accepted that waiver is permissible for both purposes.

negotiation, the Commonwealth's conclusion overlooks the crucial point: Did Appellant waive the exclusionary provisions of Rule 410?

I submit that the answer to that question, as a matter of law, is no. I glean from the Commonwealth's brief that it views a breach of any plea agreement as *sub silentio* waiving Rule 410. That analysis relegates the rule to irrelevancy. Any "promise" by the Commonwealth not to use statements made during plea negotiations at any later trial is superfluous as that is precisely what Rule 410 already does. The Commonwealth's "offer" is akin to foregoing the death penalty in a retail theft case. Moreover, while the Commonwealth followed up by informing Appellant that "everything goes away" in the event of non-compliance, that language is remarkably ambiguous. Such language is equally amenable, if not more amenable, to an interpretation that the proposed deal for third-degree homicide "goes away" in the event of non-compliance, *i.e.*, the prosecution would seek to void the plea, not that the door is open to introducing all his statements. I would hold that this language failed to serve as a valid waiver of Rule 410.

For these reasons, I do not agree that this issue should be analyzed as whether the Commonwealth made "waiver of Wilson's Rule 410 rights a clear and explicit condition of his plea agreement." Majority memorandum at 11. There is a distinction between Appellant's statements during the plea discussions versus statements he made at the actual plea hearing under oath. Technically, no plea existed unless and until the trial court accepted

the plea. Even if Appellant had agreed to waive his Rule 410 rights with respect to statements he made at the actual plea hearing, that agreement would not relate back to the plea discussions themselves. For instance, in **United States v. Escobedo**, 757 F.3d 229, 231 (5th Cir. 2014), the Fifth Circuit analyzed under **Mezzanatto** whether the Government could introduce in its case-in-chief "the record statements to which Escobedo agreed **in his plea agreement**[.]" **Id**. at 231 (emphasis added). To assess whether the Government could introduce those statements, the Court looked to "[t]he language . . . contained in a section of the plea agreement entitled "Breach of Plea Agreement." **Id**. at 233. Thus, even if Appellant had actually agreed to waive his Rule 410 rights as part of the actual plea, that agreement would only permit introduction of statements made during the plea, not any statements made during discussions leading to the plea. **See** Pa.R.E. 410(a)(3) (barring the use of statements made during, *inter alia*, guilty plea proceedings).

Finally, I agree that the phrase "[o]r everything goes away" is inherently ambiguous.[3] **See** Majority memorandum at 11 (concluding that any ambiguities must be resolved against the Commonwealth). However, I

---

[3] I note that Appellant states that he "did not get the benefit of his substantial compliance." Appellant's brief at 27. Apparently, Appellant also views the propriety of introducing his statements as one of contract law, in that he substantially complied with the plea agreement. However, Appellant properly alleged that Rule 410 barred the introduction of his statements, which, as I have stated, poses a question of law.

am not convinced it is proper to assess any ambiguities in the first instance, as that suggests we may be inclined to permit introduction of statements made during plea negotiations even if the waiver was not explicit. I am troubled by the idea the Commonwealth may introduce statements made during plea discussions on anything less than a showing that the defendant was directly informed of the consequences. **Compare Mezzanatto, supra** at 198 ("[T]he prosecutor indicated that respondent would have to agree that any statements he made during the meeting could be used to impeach any contradictory testimony he might give at trial"); **Widmer**, **supra** at 1026 ("So you understand that what you say, if you decide at some point after you do this proffer with us, that you no longer wish to do it, anything that's on record here will be used against you.") (quoting transcript); **C.f. Commonwealth v. Burno**, 154 A.3d 764, 773-74 (Pa. 2017) (in first plea negotiation the defendant was informed that "if the negotiations fell through or broke down for any reason, any statements that Burno had made would be used against him at a future trial"). For the foregoing reasons, I concur in the decision to award a new trial.