# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2022

Lyle W. Cayce
Clerk

No. 21-10206

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHUPEE ERNEST JOE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-590-1

Before STEWART, CLEMENT, and ELROD, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Chupee Ernest Joe appeals the order of restitution imposed by the district court following his guilty plea conviction for aiding and assisting in the preparation of false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2). For the following reasons, we REVERSE the district court's restitution order.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10206

## I. FACTUAL & PROCEDURAL BACKGROUND

In July 2020, Joe pled guilty, pursuant to a written plea agreement, to two counts of aiding and assisting in the preparation of a false and fraudulent tax return in violation of § 7206(2), as alleged in counts one and three of the 13-count superseding indictment. The indictment alleged that Joe owned and operated a tax preparation business, Chupee Express Tax, and that he prepared false and fraudulent income tax returns in his capacity as a tax return preparer.

In his factual resume, Joe stipulated that "[f]rom at least 2013 through 2016, [he] engaged in a scheme and course of conduct in which he knowingly and willfully prepared and caused to be filed with the [Internal Revenue Service ("IRS")] income tax returns that were materially false," and that he "routinely falsified or inflated deductions and credits including education credits[,]" which "produced an inflated refund to the client and a corresponding tax loss to the United States." With respect to the conduct alleged in count one, Joe stipulated that on or about March 28, 2017, he prepared an individual income tax return that he fraudulently inflated to result in a $3,463 refund, instead of a properly calculated $340 refund. No loss amount was stated in the factual resume with respect to that count. With respect to count three, Joe stipulated that on or about March 1, 2017, he prepared a tax return that fraudulently included deductions and credits resulting in a tax loss of $4,004 to the U.S. Treasury.

Under the terms of the plea agreement, Joe waived the right to appeal his "conviction, sentence, fine, and order of restitution or forfeiture in an amount to be determined by the district court." He reserved the right to appeal a sentence exceeding the statutory maximum punishment, to appeal an arithmetic error at sentencing, to challenge the voluntariness of his guilty plea or the waiver, and to bring a claim of ineffective assistance of counsel. In

2

addressing the maximum penalties that could be imposed in terms of sentencing, § 3(e) of the plea agreement stated that restitution was mandatory, and that Joe agreed that restitution "may include restitution arising from all relevant conduct, not limited to that arising from the offense[s] of conviction alone." In contrast, § 7(a) of the plea agreement specifically pertained to restitution and provided "that the total amount of restitution reflected in this agreement results from the defendant's criminal conduct." § 7 also stated that the full amount of restitution would ultimately be determined by the district court after the preparation of a presentence report ("PSR") and that the Government made no guarantees regarding the amount of restitution that the district court would ultimately impose.

Joe, represented by counsel, entered his guilty plea by teleconference before a magistrate judge. The district court reviewed the factual resume and the terms of the plea agreement, including the provisions pertaining to restitution and the appeal waiver. Joe confirmed that he spoke with his attorney about his proposed guilty plea, that he discussed the plea agreement with his attorney, and that he "fully understood everything set out in the plea agreement before [he] signed it."

The PSR listed 31 tax returns, from 12 taxpayers, totaling $134,063 in actual losses to the IRS. The probation officer assigned Joe a base offense level of 22, based on the estimated amount of the IRS's tax loss attributable to Joe's relevant conduct which was $2,230,904. Joe's guidelines range was 37 to 46 months of imprisonment and the restitution amount was set at $2,230,904—the same as the estimated loss amount.

Joe filed written objections to the PSR arguing that the actual tax loss as a result of his criminal conduct should be at most $134,063, as noted in paragraph 23 of the PSR which reflected the tax loss based on 31 out of 1,708 tax returns that Joe filed in the tax years of 2013 through 2016.

No. 21-10206

Prior to sentencing, Joe filed a motion to remove his court-appointed attorney and to proceed pro se, which the district court granted after holding a hearing. Additionally, the Government moved to declare that Joe had materially breached the plea agreement by making false statements and omitting material information to the probation officer regarding his finances.[1]

At sentencing, Joe proceeded pro se with stand-by counsel. Despite being cautioned by the district court about the dangers of self-representation and being given the opportunity to reconsider whether he wished to proceed pro se, Joe insisted on representing himself. The district court first considered whether the Government should be relieved of its obligations under the plea agreement based on Joe's breach and whether Joe should be denied a reduction for acceptance of responsibility. It then heard testimony regarding the methodology used to calculate the relevant conduct tax loss calculation, and the issues raised in the Government's motion.

The district court granted the Government's motion, holding that Joe had materially breached the plea agreement, and denied Joe a reduction for acceptance of responsibility but otherwise enforced the plea agreement. The district court sentenced Joe within the guidelines range to 32 months of imprisonment on count one and 31 months of imprisonment on count three, to run consecutively, for a total sentence of 63 months of imprisonment, and one year of supervised release. With respect to restitution, the district court stated that it had accepted the methodology used to extrapolate the loss amount but questioned its authority to impose restitution for losses arising

---

[1] According to the Government, about a week before sentencing, it learned that Joe had a bank account in the name of his tax business with a balance of approximately $480,000 that had not been disclosed to the probation officer for purposes of the PSR.

No. 21-10206

from relevant conduct. It took the matter under advisement and directed the parties to file additional briefing on the issue.

The Government filed supplemental briefing, arguing that the district court could, pursuant to 18 U.S.C. § 3663(a)(3), impose restitution as a condition of supervised release when the defendant expressly agreed, pursuant to a plea agreement, to pay restitution for the full scope of his criminal conduct. It continued that Joe's agreement to pay restitution for all relevant conduct was similar to other agreements upheld by this court. The district court agreed and entered a written judgment ordering Joe to pay restitution in the amount of $2,230,904, as a special condition of supervised release. Joe moved for the appointment of counsel on appeal which was granted. This appeal followed.[2]

## II. STANDARD OF REVIEW

The issue of whether a restitution award is illegal is reviewed de novo, and the amount of the restitution award is reviewed for abuse of discretion. *United States v. Arledge*, 553 F.3d 881, 897 (5th Cir. 2008). This court reviews the district court's factual findings supporting the award for clear error. *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012). "A factual finding is clearly erroneous only if based on the record as a whole, we are left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

## III. DISCUSSION

The parties agree that the district court had the authority to impose restitution under § 3663(a)(3). Consequently, the only issue we address

---

[2] After Joe filed his appellate brief, the Government filed an opposed motion to dismiss the appeal based on the appeal waiver. A panel of this court denied the motion.

No. 21-10206

herein is whether the restitution award exceeded the scope of the plea agreement. *See United States v. Tolentino*, 766 F. App'x 121, 126 (5th Cir. 2019). Joe asserts that because the plea agreement did not state a specific amount for restitution, and his counsel could not "walk him through the issue" due to the Covid-19 pandemic,[3] he believed that restitution would be set at the loss amount referenced in the factual resume, which was $4,004. He further argues that he did not expressly acknowledge during rearraignment that his agreement to pay restitution encompassed sums calculated based on his relevant conduct. The Government counters that the plea agreement, when read as a whole, reflects that Joe's restitution agreement was not limited to restitution arising from the offenses of conviction but from all his relevant conduct. We address these arguments in turn.

A district court may impose restitution as authorized by statute. *United States v. Penn*, 969 F.3d 450, 458 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2526 (2021). "Neither the Victim and Witness Protection Act, 18 U.S.C. § 3663, nor the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, allow restitution for a tax code offense under Title 26 (as opposed to offenses described in the general criminal code of Title 18)." *United States v. Westbrooks*, 858 F.3d 317, 327 (5th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 1323 (2018). However, this court has explained that while § 3663 does not authorize restitution orders compelling payments to the IRS, § 3663(a)(3) does allow a district court to "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." *United States v. Campbell*, 552 F. App'x 339, 344 (5th Cir. 2014) (quoting § 3663(a)(3)); *see also United States v. Maturin*, 488 F.3d 657, 661 (5th Cir. 2007) (noting that

---

[3] Joe's attorney appeared by video at his rearraignment.

§ 3663(a)(3) provides an exception to the general rules limiting restitution to statutorily-defined victims and counts of conviction).

We have therefore upheld restitution orders for Title 26 offenses under § 3663(a)(3) when the defendant agreed to restitution in a plea agreement. *See Tolentino*, 766 F. App'x at 126–29 (upholding restitution award on plain error review for Title 26 offenses); *United States v. Simmons*, 420 F. App'x 414, 421 (5th Cir. 2011). We have also recognized that the district court may order restitution for Title 26 offenses as a condition of supervised release pursuant to 18 U.S.C. § 3583(d)(3). *See Campbell*, 552 F. App'x at 344; *see also Westbrooks*, 858 F.3d at 327 (noting that "several statutes, read together, allow district courts to order restitution for tax offenses as a condition of supervised release"). Plea agreements are contracts, and this court will seek to determine a defendant's reasonable understanding of the agreement and construe ambiguities against the Government. *See United States v. Escobedo*, 757 F.3d 229, 233 (5th Cir. 2014); *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (construing plea agreements using general principles of contract law).

Here, § 3(e) of the plea agreement pertains to sentencing and states that the restitution amount may arise "from all relevant conduct, not limited to that arising from the offense of conviction alone." However, § 7(a) of the plea agreement, which is more specific and directly addresses restitution, provides "that the total amount of restitution reflected in this agreement results from [Joe's] criminal conduct." Reading these two sections together reveals an ambiguity in the plea agreement. Essentially, it is unclear if § 3(e)'s broad "all relevant conduct" clause is attributable to § 7(a)'s narrower clause providing that restitution is limited to "the defendant's criminal conduct." Given this ambiguous language in the plea agreement, Joe's argument is reasonable that he believed he was agreeing to restitution resulting from his criminal conduct as reflected in the PSR, i.e., $134,063.

No. 21-10206

In sum, because the plea agreement contained ambiguous and conflicting language as to the restitution amount, and we construe this ambiguity against the Government, *see Escobedo*, 757 F.3d at 233, we hold that the district court erred in ordering restitution in the amount of $2,230,904—a loss amount encompassing all of Joe's relevant conduct as listed in the PSR. Rather, in accordance with § 7(a) of the plea agreement, the narrower provision involving restitution, we limit the award to $134,063—the amount arising solely from Joe's criminal conduct.

## IV. CONCLUSION

For the foregoing reasons, we REVERSE the district court's restitution order of $2,230,904 and RENDER an award of restitution in the amount of $134,063.