J-S37038-15

2015 PA Super 156

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GEORGE WILSON WIDMER | |
| Appellant | No. 3018 EDA 2014 |

Appeal from the Judgment of Sentence September 23, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000129-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

OPINION BY LAZARUS, J.:                    **FILED JULY 20, 2015**

George Wilson Widmer appeals the judgment of sentence entered by the Court of Common Pleas of Monroe County after he was convicted of burglary of a building not adapted for overnight accommodation,[1] criminal trespass,[2] possessing an instrument of crime,[3] theft by unlawful taking,[4] and criminal mischief.[5]  Widmer challenges the trial court's order permitting the

---

[1] 18 Pa.C.S. § 3502(a)(4).

[2] 18 Pa.C.S. § 3503.

[3] 18 Pa.C.S. § 907.

[4] 18 Pa.C.S. § 3921(a).

[5] 18 Pa.C.S. § 3304(a)(5).

Commonwealth to use his statements made during plea negotiations against him at trial. After careful review, we affirm.

The trial court summarized the relevant facts as follows:

On March 21, 2014[,] during plea negotiations, the Commonwealth offered [Widmer] the opportunity to meet with his attorney, the assistant district attorney, and a trooper from the Pennsylvania State Police for the purpose of providing a sworn statement admitting to all burglaries he had committed. The parties agreed that in exchange for [Widmer's] cooperation in helping to resolve several open files, the Commonwealth would recommend a jail sentence of 10 to 20 years in a State Correctional Institution, and not file additional charges on approximately 32 other cases. [Widmer], in the presence of his [a]ttorney, provided a sworn statement on the record of all burglaries he had recently committed. Twice, before [Widmer] made any statements, he was advised that anything said in conjunction with the proffer would be used against him if he later decided not to go through with his plea. . . . Following the making of the proffer, [Widmer] decided not to proceed with the agreement. On multiple other occasions prior to trial [Widmer] sought to reinstate his agreement with the Commonwealth only to renege before the agreement was brought before the [c]ourt.

Counsel for [Widmer] filed a [m]otion *in limine* on August 21, 2014, to prohibit the Commonwealth from using [Widmer's] proffer at trial in their case-in-chief.

On August 26, 2014, the Commonwealth filed a Motion for Expedited Hearing and a hearing was held on September 2, 2014[,] where [the court] found that the Commonwealth could use [Widmer's proffer in its] case-in-chief.

Trial Court Opinion, 12/30/14, at 1-2.

The case proceeded to trial, and on September 8, 2014, a jury convicted Widmer of the above-referenced offenses. Widmer was sentenced on September 23, 2014, to 54 to 120 months' incarceration. No post-

sentence motions were filed, and Widmer filed this timely appeal on October 22, 2014. Widmer raises one issue for our review, *verbatim*:

> Should the Commonwealth be permitted to use a statement made by [Widmer] in the course of plea negotiations under Pennsylvania Rule of Evidence 410 in their case in chief, or, are they only permitted to use said statement to impeach the defendant should he choose to take the stand at trial?

Brief of Appellant, at 5.

We review a trial court's denial of a motion *in limine* for an abuse of discretion. ***Commonwealth v. Owens***, 929 A.2d 1187, 1190 (Pa. Super. 2007). Further,

> [o]ur standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Hoppert***, 39 A.3d 358, 361–62 (Pa. Super. 2012) (citation omitted).

Pa.R.E. 410 provides, in relevant part:

> **(a) General rule.** Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal

proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

. . .

(4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which does not result in a plea of guilty or which results in a plea of guilty later withdrawn.

Pa.R.E. 410(a).

As an initial matter, it is not disputed that Widmer was engaged in plea negotiations at the time he made the proffer. Ordinarily, Widmer's statement would not have been admissible at trial during the Commonwealth's case-in-chief. *See Commonwealth v. Stutler*, 966 A.2d 594 (Pa. Super. 2009) (finding reversible error where trial court permitted admission of defendant's inculpatory statements made during plea discussions). Instantly, however, the Commonwealth contends that Widmer waived the inadmissibility of his statements as part of the bargain he struck with the Commonwealth during plea negotiations. Widmer disputes the extent to which he waived his rights under Rule 410 and argues that his statements would have been admissible only for impeachment purposes if he testified at trial.

Here, Widmer had been charged in relation to a particular burglary and was suspected of upwards of thirty other burglaries. In exchange for his statement under oath regarding the instant matter and other open cases, the Commonwealth agreed to recommend a sentence of ten to twenty years' incarceration. Additionally, the Commonwealth predicated its plea bargain

with Widmer upon Widmer waiving his rights pursuant to Rule 410.  Before Widmer began his proffer under oath, the assistant district attorney (ADA) stated twice that Widmer's statement would be admissible if Widmer later determined not to proceed with making the plea.

The specific language used by the ADA to address Widmer regarding this component of the plea deal included the following:

> [The Commonwealth] is going to need you to identify the [burglaries] that you participated in, and any admissions that you make can be used against you if you determine later that this [plea is] not something you want to proceed with.
>
> . . .
>
> So you understand that what you say, if you decide at some point after you do this proffer with us, that you no longer wish to do it, anything that's on record here **will be** used against you.

N.T. Statement Under Oath, 3/21/14, at 3-4 (emphasis added).  Widmer did not object to this condition and proceeded to voluntarily provide the Commonwealth with statements admitting to involvement in a large number of burglaries he had been suspected of committing.

After Widmer ultimately refused to proceed with the plea agreement, a trial was held, during which the Commonwealth introduced Widmer's admissions in the proffer into evidence in the Commonwealth's case-in-chief. This was accomplished through testimony of State Police Trooper William Skotleski, who had been present during Widmer's plea negotiations and proffer.  Widmer now argues that his understanding of the plea negotiations, as they pertained to Rule 410, involved waiver as to the use of his

statements for impeachment purposes only and that neither he nor his counsel understood that the Commonwealth intended to use his statements in its case-in-chief. Widmer merely "concedes[s] that if he had taken the stand in his own defense at trial, the Commonwealth could use his proffer against him for the purposes of impeachment." Brief of Appellant, at 10. We disagree with this interpretation of the bargain struck between Widmer and the Commonwealth.

This Court has recognized "the importance of the plea bargaining process as a significant part of the criminal justice system. Under this aspect of the system, a defendant is permitted to waive valuable rights in exchange for important concessions by the Commonwealth when the defendant is facing a slim possibility of acquittal." *Commonwealth v. Byrne*, 833 A.2d 729, 735 (Pa. Super. 2003) (citations omitted).

The facts of *Byrne* involved a plea bargain in which Byrne waived his statutory right to credit for time served. In exchange, the Commonwealth agreed to forego prosecution for first-degree murder. On appeal, this Court rejected Byrne's request for credit for time served, determining that Byrne's agreement to waive his right to such credit was "the key reason the Commonwealth agreed to allow him to plead guilty to third[-]degree murder." *Id.* at 735. Furthermore, we determined that Byrne's waiver of his statutory right to such credit during plea negotiations was knowing, voluntary, and intelligent. *Id.* at 736.

It appears that Pennsylvania courts have not expressly considered waiver of the inadmissibility of statements made during plea negotiations pursuant to Rule 410. However, noting that "the United States Supreme Court has addressed a situation remarkably similar" to that of **Byrne**, we referenced **United States v. Mezzanatto**, 513 U.S. 196 (1995), in support of our conclusion that statutory rights can be waived in the plea negotiation process. **Byrne**, **supra**, at 736.

Significantly, the circumstances in **Mezzanatto** align with those of the instant matter more closely than any Pennsylvania case to date. Similar to the Pennsylvania Rules of Evidence, the Federal Rules of Evidence provide that a defendant's statements made during the plea process are inadmissible against the defendant. **See** F.R.E. 410. In **Mezzanatto**, the prosecutor indicated that as a condition to proceeding with plea discussions, Mezzanatto "would have to agree that any statements he made during the meeting could be used to impeach any contradictory testimony he might give at trial if the case proceeded that far." **Mezzanatto**, 513 U.S. at 198.

Mezzanatto agreed to continue according to the prosecutor's terms, but he eventually was tried on one of the charges and took the stand in his own defense. Mezzanatto's statements during plea negotiations were used to impeach him at trial. Mezzanatto appealed regarding the admissibility of his prior statements, and, ultimately, the United States Supreme Court held that "absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary

provisions of [Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410] is valid and enforceable." *Id.* at 210.

Instantly, the Commonwealth made the waiver of Widmer's Rule 410 rights a condition of its plea bargain offer to Widmer. Significantly, prior to Widmer's proffer, the ADA unequivocally indicated that Widmer's statements **would be used** at trial if the plea was not made as agreed. The plain meaning of this condition, to which Widmer agreed, is clear: Widmer's statements definitively would be used. Moreover, the Commonwealth provided no indication that the use of Widmer's statements would depend upon whether Widmer decided to testify. Indeed, though Widmer asserts his statements could have been used only to impeach him if he took the stand, no such caveats were included in the ADA's explanation of the waiver.

Widmer also argues that when the Commonwealth indicated that his statements would be used against him at trial, the Commonwealth must have been referring to Pa.R.E. 410(b), which provides an exception to otherwise inadmissible statements made during plea negotiations.[6] This

---

[6] Rule 410(b) includes the following:

> **(b) Exceptions.** The court may admit a statement described in Rule 410(a)(3) or (4):
>
> > (1) in any proceeding in which another statement made during the same plea or plea discussions has been introduced, if in fairness the statements ought to be considered together[.]

Pa.R.E. 410(b).

argument appears to conflate the Commonwealth's condition that Widmer waive his Rule 410 rights with an exception that would apply even if the Commonwealth did not require such a waiver. Additionally, Rule 410(b) would apply only if Widmer first introduced a statement that permitted the Commonwealth to introduce another statement from plea negotiations in the interest of fairness. Again, this is inconsistent with the Commonwealth's clear explanation that Widmer's statements would be used against him at trial, subject to no condition that Widmer testify. Thus, we find this argument to be without merit.

Ultimately, it is clear that the rights provided for in Rule 410 are waivable. **See Byrne**, **supra**. Furthermore, because the Commonwealth's presentation of the condition requiring Widmer to waive his rights under Rule 410 clearly indicated the Commonwealth's intent to use Widmer's statements regardless of whether he testified at trial, we find that Widmer's contention that neither he nor defense counsel understood the terms of the agreement with the Commonwealth to be unpersuasive.[7] Accordingly, we cannot find that Widmer's waiver was unknowing or involuntary. **See Byrne**, **supra**, at 735. Finally, Widmer was a suspect in over thirty different

---

[7] We note that if confusion existed regarding the waiver the Commonwealth required of Widmer, defense counsel had ample opportunity to clarify the ADA's meaning. However, no clarification was requested. Moreover, we find that the ADA's explanation of the consequences should Widmer fail to follow through with the plea was clear and unequivocal.

burglary cases, and substantial circumstantial evidence existed to implicate Widmer for the burglary for which he was charged in the instant matter. Thus, Widmer's chances of acquittal were relatively slim. ***See id.*** at 735.

We find that Widmer's waiver of his rights under Rule 410 meets all of the conditions we have previously set forth regarding this type of waiver in the plea bargaining context. Thus, the trial court did not err in admitting into evidence the statements Widmer made during plea negotiations with the Commonwealth.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015