**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELVIN JOHN LAMEY, | |
| Appellant | No. 924 MDA 2015 |

Appeal from the Judgment of Sentence April 14, 2015
in the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-CR-0000035-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELVIN JOHN LAMEY, | |
| Appellant | No. 925 MDA 2015 |

Appeal from the Judgment of Sentence April 14, 2015
in the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-CR-0001385-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELVIN JOHN LAMEY, | |
| Appellant | No. 926 MDA 2015 |

J-S39030-16

Appeal from the Judgment of Sentence April 14, 2015
in the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-CR-0001480-2014

BEFORE:  STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED JUNE 06, 2016**

Appellant, Elvin John Lamey, appeals from the judgment of sentence imposed following his jury conviction of numerous sex offenses against three children, at the above-referenced docket numbers.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant moved in with his sister, C.K., and her family in 2009.  Between January 2010 and June 2012, he repeatedly molested and raped his nephew, J.K., and two nieces, H.K. and K.K (Children).  Appellant was twenty-two years old when he began to abuse the Children, and they were between the ages of two and five.  The Children disclosed the abuse to C.K. and she reported it to the authorities in July of 2012.  Police initially interviewed Appellant on July 20, 2012, and he denied the allegations.  During a second interview on September 6, 2012, Appellant admitted to molesting J.K. and H.K.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The cases were consolidated for trial.

- 2 -

On August 5, 2013, Appellant entered a guilty plea to multiple charges arising from the abuse. The trial court subsequently granted his motion to withdraw his plea, and the case was listed for trial.

On October 24, 2014, Appellant filed a motion seeking recusal of the trial court judge, the Honorable Bradley P. Lunsford. Appellant maintained that Judge Lunsford's recusal was necessary because of his public support for and involvement in the Centre County Children's Advocacy Center (CCCAC), which "provide[s] a friendly, comforting setting for child crime victims." (N.T. Motion for Recusal, 10/24/14, at 3).[2] The Children in the instant case never visited the CCCAC, and Judge Lunsford resigned from the CCCAC's board when the center opened in February 2014. (*See* Trial Court Opinion, 8/24/15, at 2; Appellant's Brief, at 62). The court denied Appellant's motion following a hearing.

On November 19, 2014, the Commonwealth filed a motion *in limine*, noting that Appellant's counsel wished to provide an illustration of reasonable doubt to the jury during closing summation, and requesting that the court preclude this. (*See* Commonwealth's Motion *in Limine*, 11/19/14, at unnumbered page 4 ¶¶ 24-27). Counsel's proposed illustration involved

---

[2] Appellant also sought recusal based on a comment the court made to counsel in an unrelated case involving a different defendant who was charged with sex-related offenses against a child; Judge Lunsford recused himself from that case. (*See* N.T. Motion for Recusal, 10/24/14, at 6). Appellant makes no attempt to resurrect this argument on appeal. Therefore, we deem this argument abandoned.

using one's common sense and experience in deciding whether to ice skate on a pond. (*See id.* at ¶ 24; Trial Ct. Op., 8/24/15, at 5). The court granted the Commonwealth's motion following argument.

On November 24, 2014, Appellant proceeded to trial, and the jury found him guilty of: six counts of rape of a child; six counts of statutory sexual assault; one count of involuntary deviate sexual intercourse with a child (IDSI); six counts of incest of a minor; nine counts of indecent assault of a person less than thirteen years of age; one count of indecent assault, without complainant's consent; and three counts of corruption of minors.[3] The court deferred sentencing pending preparation of a pre-sentence investigation (PSI) report. The case was reassigned to the Honorable Jonathan D. Grine prior to sentencing.

On February 23, 2015, the Commonwealth filed notice of its intent to seek mandatory sentences of not less than ten nor more than twenty years' incarceration under 42 Pa.C.S.A. § 9718 for the rape and IDSI counts. On April 14, 2015, the court held a sentencing hearing at which it designated Appellant a sexually violent predator (SVP). It sentenced Appellant to an aggregate term of not less than eighty-two nor more than 164 years'

---

[3] 18 Pa.C.S.A. §§ 3121(c), 3122.1(b), 3123(b), 4302(b)(1), 3126(a)(7), 3126(a)(1), and 6301(a)(1)(ii), respectively.

incarceration. The court entered an order and opinion denying Appellant's timely post-sentence motion on May 22, 2015. This timely appeal followed.[4]

Appellant raises the following questions for our review:

A. Did the trial court abuse its discretion in denying [Appellant's] motion to recuse?

B. Did the trial court err in granting the Commonwealth's motion *in limine* with respect to preventing the defense from presenting an illustration of reasonable doubt during closing summation?

C. Did the sentencing court impose illegal sentences pursuant to 42 Pa.C.S.A. §[]9718, a statute that has been found to be unconstitutionally [sic] infirm in light of the United States Supreme Court's decision in ***Alleyne v. United States***[,133 S.Ct. 2151 (2013),] and the Pennsylvania [Superior] Court's decision in [***Commonwealth***] ***v. Newman***[,99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015)]?

(Appellant's Brief, at 33) (unnecessary capitalization omitted).[5]

In his first issue, Appellant argues the trial court abused its discretion in denying his motion to recuse from the case. (***See id.*** at 57). Appellant points to Judge Lunsford's extensive involvement in the CCCAC, and claims that his support of the organization demonstrates his bias in favor of child

---

[4] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on June 11, 2015. Judge Grine filed an opinion on June 15, 2015, in which he relied on the opinion and order of May 22, 2015. On August 24, 2015, Judge Lunsford entered a supplemental opinion. ***See*** Pa.R.A.P. 1925.

[5] Appellant's seventy-seven-page brief substantially exceeds the presumptively compliant length of thirty pages, and he has failed to include a certification that the brief complies with the word count limits. ***See*** Pa.R.A.P. 2135(a)(1), (d).

victims of sexual abuse. (**See id.** at 55, 61-62).[6] This issue does not merit relief.

Upon a recusal motion,

the judge makes an independent, self-analysis of the ability to be impartial. If content with that inner examination, the judge must then decide whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This assessment is a personal and unreviewable decision that only the jurist can make. Once the decision is made, it is final. . . .

This Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can

_____

[6] We note Appellant discusses and appends to his brief two documents relating to Judge Lunsford, but not to this specific case, that are not listed on the docket or a part of the certified record. (**See** Appellant's Brief, at 59, Appendix D-E). Additionally, Appellant accuses Judge Lunsford of destroying two exhibits attached to the motion for recusal and reproduces a purported excerpt from one of these documents in his brief; he did not refile the documents. (**See id.** at 57-58). "It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not a part of the record in the case." **Commonwealth v. Boyd**, 679 A.2d 1284, 1290 (Pa. Super. 1996), *appeal denied*, 689 A.2d 230 (Pa. 1997) (citation omitted). "[F]or purposes of appellate review, what is not of record does not exist . . . [C]opying material and attaching it to a brief does not make it a part of the certified record." **Commonwealth v. Holley**, 945 A.2d 241, 246 (Pa. Super. 2008), *appeal denied*, 959 A.2d 928 (Pa. 2008) (citations and internal quotation marks omitted). Further, "it is appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined." **Boyd**, **supra** at 1290 (citations, emphasis, and internal quotation marks omitted). Accordingly, we are precluded from considering the non-record materials submitted by Appellant.

rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.

*Commonwealth v. Thomas*, 44 A.3d 12, 24 (Pa. 2012) (citation and quotation marks omitted).

"Our standard of review of a trial court's determination not to recuse from hearing a case is exceptionally deferential." *Commonwealth v. Harris*, 979 A.2d 387, 391 (Pa. Super. 2009) (citations omitted). "[A]lthough we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially." *Id.* at 392 (citations omitted).

Here, the trial court explained its rationale for denying the recusal motion, in pertinent part, as follows:

> The undersigned judge was one of the lead organizers of the [CCCAC]; however, the undersigned judge was no longer connected to the center [when Appellant filed the recusal motion] as he resigned from the board after it opened in February 2014 as indicated in the article [Appellant] cited. . . . The purpose [of establishing the CCCAC] was to make the process after averments of abuse are made more effective and efficient which does reduce stress on the child by avoiding multiple interviews with several people. . . .

> \* \* \*

> This court denied the motion for recusal because the Code of Judicial Conduct does not prevent a judge from participating in activities that improve the law, the legal system, and the administration of justice. Once the [CC]CAC opened, the undersigned judge was no longer involved to avoid any conflict of interest. It is illogical to believe that a judge's impartiality

- 7 -

may reasonably be questioned based on his assisting to establish a [CC]CAC which benefits those involved in the justice system, including alleged perpetrators of abuse who may be shielded from false accusations when forensic interviewing techniques are utilized. Forensic interviewing of the minor accuser can result in charges not being filed.

(Trial Ct. Op., 8/24/15, at 2-4) (record citations and some capitalization omitted).

After review of the record, and mindful of our "exceptionally deferential" standard of review, we conclude that it does not reveal impartiality or bias on the part of the trial court judge during the recusal proceeding or Appellant's jury trial. **Harris**, **supra** at 391. Appellant has not met his burden of "establishing bias, prejudice or unfairness necessitating recusal[.]" **Thomas**, **supra** at 24. Therefore, Appellant's first issue does not merit relief.[7]

Appellant next claims the trial court erred in granting the Commonwealth's motion *in limine*, thereby precluding defense counsel from providing the jury with an illustration of reasonable doubt involving the decision to ice skate on a pond. (**See** Appellant's Brief, at 66-73). He

_____

[7] We recognize that our case law has not always spoken with clarity regarding the standard for recusal, and that the standard set forth by our Supreme Court in **Thomas** contains a subtle difference from that it set forth in **Goodheart v. Casey**, 565 A.2d 757, 764 (Pa. 1989) (providing for objective review of appearance of impropriety assessment). However, here, where there is clearly no appearance of impropriety with respect to the trial court judge, we conclude the facts of this case satisfy both standards. **See Lomas v. Kravitz**, 130 A.3d 107, 122 (Pa. Super. 2015) (*en banc*); **see also id.** at 137-38 (Stabile, J., concurring and dissenting).

asserts it was reversible error to bar the illustration, stating "[the Superior] Court has approved of the practice of the **trial court** giving the jury a practical illustration of reasonable doubt." (***Id.*** at 69; ***see id.*** at 70, 73) (emphasis added; unnecessary capitalization omitted). We disagree.

Preliminarily, we note that "[w]e review a trial court's [ruling on] a motion *in limine* for an abuse of discretion." ***Commonwealth v. Widmer***, 120 A.3d 1023, 1025 (Pa. Super. 2015) (citation omitted). Further, as Appellant implicitly recognizes, it is the duty of the **trial court**, not counsel, to frame legal issues for the jury and instruct it on the applicable law. ***See*** ***Commonwealth v. Hallman***, 67 A.3d 1256, 1262 (Pa. Super. 2013), *appeal denied*, 84 A.3d 1062 (Pa. 2014).

Here, the trial court rejected defense counsel's proposed ice-skating illustration based on its finding that it was not useful in understanding the concept of reasonable doubt, that it had a tendency to confuse the jury, and involved an experience that can be un-relatable and frightening. (***See*** Trial Ct. Op., 8/24/15, at 5). The court did not bar counsel from proposing a different, more appropriate illustration. (***See id.***). The court indicated its comfort with the standard jury instructions on reasonable doubt, and a review of the trial transcript reflects that the court and defense counsel thoroughly explained the concept to the jury. (***See*** N.T. Motion *in limine*, 11/21/14, at 10; N.T. Trial, 11/24/14, at 43, 293-94, 334). After review, we discern no abuse of discretion in the trial court's ruling on this issue. ***See*** ***Widmer***, ***supra*** at 1025. Appellant's second claim does not merit relief.

In Appellant's final issue, he maintains that his sentence is illegal because the court imposed mandatory minimum terms of ten years' incarceration pursuant to 42 Pa.C.S.A. § 9718 to the rape and IDSI counts. (**See** Appellant's Brief, at 74-76). He argues that this Court must remand for resentencing because section 9718 has been found to be constitutionally infirm in light of **Alleyne**, **supra**.[8] (**See id.**). This issue does not merit relief.

"Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015) (citation omitted).

Preliminarily, we note our agreement with Appellant that "Section 9718 is [] facially unconstitutional." **Commonwealth v. Wolfe**, 106 A.3d 800, 805 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015). However, our review of the record indicates that the trial court did not apply this void provision.

Specifically, at the sentencing hearing, the Commonwealth sought imposition of the mandatory minimums relative to the rape and IDSI counts.

_____

[8] Appellant first raised this issue in his Rule 1925(b) statement, albeit in vague manner without reference to **Alleyne**. (**See** Rule 1925(b) Statement, 6/11/15, at 3 ¶ I). However, a waiver analysis is of no moment because his claim implicating the legality of his sentence cannot be waived on appeal. **See Newman**, **supra** at 90.

(***See*** N.T. Sentencing, 4/14/15, at 35). However, the Commonwealth maintained that, even if the court declined to apply section 9718, it could achieve the same sentencing structure by imposing standard-range sentences pursuant to the Sentencing Guidelines. (***See id.*** at 35, 37-38, 40). Immediately before imposing sentence, the court took a recess to review the sentencing guidelines. (***See id.*** at 41). When it returned, it explained the basis for its sentence as follows:

> The [c]ourt was assigned this case for sentencing purposes. The [c]ourt has been through the entire file. Has also been through the transcripts that were prepared for all the hearings, including the trial.
>
> The [c]ourt has **reviewed the PSI and incorporates it into the record as reasons for the sentencing**. The [c]ourt has also reviewed both the sentence memorandums from the defense and the Commonwealth. Has heard from defense counsel as well as the Commonwealth.
>
> And we'll give the following sentence, and it will be imposed based on the **minimum amount of confinement consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of [Appellant]**.
>
> The [c]ourt has already set forth what it has relied upon. The [c]ourt has also considered the **circumstances of the offense, [Appellant's] character and education, and has looked to the guidelines of the Sentencing Code[.]**

(***Id.*** at 42) (emphases added).

Thus, the record shows that the court imposed an individualized sentence taking into consideration all relevant sentencing factors, including the PSI and the sentencing guidelines; it does not reflect that the court applied the mandatory minimums under section 9718. Therefore,

Appellant's final issue does not merit relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016