[J-63-2016] [M.O. - Wecht, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 716 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of Sentence |
| | : | entered on 3/8/2007 in the Court of |
| | : | Common Pleas, Lehigh County, Criminal |
| v. | : | Division at No. CP-39-CR-0003637-2003 |
| | : | |
| | : | |
| JUNIUS BURNO, | : | |
| | : | |
| Appellant | : | ARGUED:  May 11, 2016 |

## CONCURRING OPINION

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED:  February 22, 2017**

I join the majority opinion except for the harmless-error disposition attending the second claim asserted by Appellant, in which he invokes the prohibition against admission of statements made during plea discussions set forth in Pennsylvania Rule of Evidence 410(a)(4).  *See* Majority Opinion, *slip op.* at 28-30.  Although I consider the issue to be a very close one, I tend toward the view that a specific confession to law enforcement officials is an especially powerful form of evidence that is rarely amenable to treatment as being merely cumulative of other evidence.  *Cf. Zappulla v. New York*, 391 F.3d 462, 473-74 (2d Cir. 2004) (explaining that "[t]he persuasive influence of a signed confession cannot be underestimated" and suggesting that "a written confession can never truly be said to be merely cumulative").  *See generally Arizona v. Fulminante*, 499 U.S. 279, 296, 111 S. Ct. 1246, 1257 (1991) (highlighting that "[a] confession is like no other evidence" in terms of its likely effect in assessments by jurors).

Thus, I would be more comfortable with a disposition premised on waiver, in the form of Appellant's agreement that his statements could be used against him if the terms of his arrangement with the prosecution were not met.[1]  In this regard, I note that most jurisdictions hold, as concerns analogues to Pennsylvania Rule of Evidence 410(a)(4), that the protection is subject to knowing, voluntary, and intelligent waivers. See*, e.g.*, *State v. Williams*, 135 A.3d 157, 163 (N.J. Super. Ct. App. Div. 2016) (collecting cases); *accord Commonwealth v. Widmer*, 120 A.3d 1023, 1027-28 (Pa. Super. 2015).

---

[1] *See Commonwealth v. Burno*, No. 2003/3637, CP-39-CR-0003637-2003, *slip op.* at 7 (C.P. Lehigh Sep. 28, 2015) (explaining that it was undisputed that Appellant understood that his statements could be used against him if the terms of his agreement with the Commonwealth were not met); Majority Opinion, *slip op.* at 4 (highlighting that after the plea negotiations resumed, Appellant was reminded of previously agreed terms); *see also* N.T., June 2, 2004, at 137 (reflecting an acknowledgment by Appellant's then-counsel concerning his understanding of such terms).