J-S69028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT EUGENE BARNES | : | |
| | : | |
| Appellant | : | No. 817 MDA 2018 |

Appeal from the Judgment of Sentence April 20, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-SA-0000012-2018

BEFORE: BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:　　　　　　　**FILED NOVEMBER 16, 2018**

Robert Eugene Barnes appeals from the judgment of sentence, entered in the Court of Common Pleas of Cumberland County, following entry of a negotiated guilty plea to the summary offense of driving while under suspension in violation of 75 Pa.C.S.A. § 1543(a). After our review, we vacate the judgment of sentence and guilty plea, and remand with instructions.

On October 6, 2017, Barnes was cited for driving while under suspension (DUI related), in violation of 75 Pa.C.S.A. § 1543(b)(1). Barnes entered a guilty plea before a magisterial district judge, and the court sentenced him on December 18, 2017, to the mandatory minimum period of imprisonment of 60 days and ordered him to pay a fine and the costs of prosecution.[1]

_____

[1] Section 1543(b)(1) provides:

Barnes filed an appeal *de novo* on January 17, 2018. At the time of the summary trial, Barnes entered a counseled guilty plea to the lesser included offense of driving while under suspension in violation of 75 Pa.C.S.A. § 1543(a).[2] Barnes entered his plea in return for a reduced jail sentence of 45

---

**(b) Certain offenses**.--

(1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1).

[2] Section 1543(a) provides:

**Offense defined**.--Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

days, a $1,000 fine and a deferred prison report date of May 18, 2018.[3]   At

the conclusion of the proceeding, the court entered the following order:

> AND NOW, this 20th day of April, 2018, the Defendant, Robert E. Barnes, now appearing in court with his Public Defender, Sean M. Owen, Esquire, and having tendered a plea of guilty to a violation of Section 1543(a) of the Vehicle Code, Driving Under Suspension, (not DUI-related), in full satisfaction of the charges originally filed in the above-captioned case, and the Commonwealth and Defendant having agreed upon the sentence to be imposed in this case of a period of imprisonment of 45 days and a fine of $1000.00, and the Commonwealth and Defendant having agreed upon a deferred commitment date as indicated hereafter, the Defendant's plea of guilty is accepted.  Pursuant to the aforesaid agreement, sentence of the court is that the Defendant pay the costs of prosecution and a fine of $1000.00, and undergo a period of imprisonment in the Cumberland County Prison of 45 days. Pursuant to the aforesaid agreement, the Defendant is directed to report to the Cumberland County Prison on Friday, May 18, 2018, at 9:00 a.m., without further Order of Court, to commence service of the period of imprisonment provided for herein. Work release is authorized for the Defendant if his employment at the time of his commitment qualifies for the same and if the Prison can accommodate work release in his case.  The Defendant is notified of his right to appeal to the Pennsylvania Superior Court from the judgment of sentence herein within 30 days of its entry.

Order, 4/20/18.

---

[3] The court questioned Barnes as follows:

> THE COURT: Knowing everything that we have discussed, is it your desire to enter a plea of guilty to a violation of Section 1543(a) of the Vehicle Code with the understanding that the sentence to be imposed will be a jail sentence of 45 days and a fine of $1,000.00?
>
> MR. BARNES: Yes, Your Honor.

N.T. Summary Trial/Guilty Plea, 4/20/18, at 3.

Barnes filed this timely appeal on May 17, 2018. He raises the following issues for our review:

1. Did the trial court err in sentencing [Barnes] to serve a period of imprisonment of 45 days for violation of 75 Pa.C.S.A. § 1543(a), which mandates a fine of $200.00?

2. Did the trial court err in sentencing [Barnes] to pay a fine of $1,000.00 for violation of 75 Pa.C.S.A. § 1543(a), which mandates a fine of $200.00?

3. Did the trial court err in directing [Barnes] to begin to serve the sentence of imprisonment prior to the expiration of the time for appeal?[4]

Appellant's Brief, at 5.

The entry of a negotiated guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, validity of the plea, and legality of the sentence. **Commonwealth v. Messmer**, 863 A.2d 567, 571 (Pa. Super. 2004). Here, Barnes challenges the legality of sentence. "An illegal sentence is one that exceeds the statutory limits." **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005). "In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." **Commonwealth v. Stevenson**, 850 A.2d 1268, 1271 (Pa. Super. 2004).

This Court has held that:

The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. Those categories are: (1) claims that the sentence fell outside of the

---

4 This issue is moot as the trial court granted Barnes' motion to vacate bench warrant issued when he did not appear as directed.

legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in ***Apprendi v. New Jersey***, 530 U.S. 466 (2000).

***Commonwealth v. Munday***, 78 A.3d 661, 664 (Pa. Super. 2013) (internal citations and parallel citations omitted).

Here, Barnes claims that his sentence of 45 days' imprisonment and a $1,000 fine exceed the permissible sentence for a violation of section 1543(a), for which the statutory sentence is a $200 fine. We are constrained to agree.

In its Pa.R.A.P. 1925(a) opinion, the trial court refers to two prior convictions for driving under suspension (DUI related) in Franklin County; the court reasons that 75 Pa.C.S.A. § 6503(a), which addresses a second or subsequent violation of section 1543(a), applies here and exposes Barnes to a fine of $200 to $1,000 and a term of imprisonment of up to six months. Section 6503(a) of the Vehicle Code provides:

> **§ 6503. Subsequent convictions of certain offenses**
>
> **(a) General offenses**.--Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both:
>
>> Section 1543(a) (relating to driving while operating privilege is suspended or revoked) except as set forth in subsection (a.1).

75 Pa.C.S.A. § 6503(a).

First, we point out that neither the sentencing transcript nor the sentencing order indicates that the enhanced penalties of section 6503(a) were applicable. Although that might have been the court's intent, the court

failed to incorporate that intent on its signed sentencing order. The sentencing order imposes the 45-day sentence and $1,000 fine for "Driving Under Suspension (not DUI-related)[.]" Sentencing Order, 4/20/18. "It is well-settled that the signed sentencing order takes precedence over oral statements of the sentencing court not incorporated into that order." **Commonwealth v. Quinlan**, 639 A.2d 1235, 1243 (Pa. Super. 1994). Further, we find nothing in the record before us to support the application of section 6503(a).

The question then becomes whether the Commonwealth is entitled to the benefit of its bargain when that benefit includes a defendant's agreement to a sentence that exceeds the statutory limit. We recognize "the importance of the plea bargaining process as a significant part of the criminal justice system" and that "a defendant is permitted to waive valuable rights in exchange for important concessions by the Commonwealth when the defendant is facing a slim possibility of acquittal." **Commonwealth v. Widmer**, 120 A.3d 1023 (Pa. Super. 2015). A defendant cannot, however, waive his right to a legal sentence, nor can he agree to an illegal sentence. **See Commonwealth v. Rivera**, 154 A.3d 370, 381 (Pa. Super. 2017). The fact "that the illegality was a term of his plea bargain is of no legal significance." **Id.** (citation omitted). **See Commonwealth v. Gentry**, 101 A.3d 813, 819 (Pa. Super. 2014); **see also Commonwealth v. Hodges**, 789 A.2d 764, 767 (Pa. Super. 2002) (holding, in context of petition to withdraw guilty plea, that where sentence communicated to defendant is in fact illegal

sentence, "the plea process has been tainted from the outset and manifest injustice is established.").

We, therefore, vacate Barnes' judgment of sentence. We recognize that the mere granting of a new sentencing in this case strips the Commonwealth of its benefit of the plea bargain. Here, like in **Hodges**, **supra**, the guilty plea was based on a sentence the court had no authority to impose. Because we find the parties' negotiations began from an erroneous premise and therefore "were fundamentally skewed" from the start, we further vacate Barnes' guilty plea and remand for further proceedings. **See Commonwealth v. Melendez-Negron**, 123 A.3d 1087, 1093 (Pa. Super. 2015) (both parties to negotiated plea agreement are entitled to receive benefit of their bargain; appropriate remedy where parties have negotiated illegal sentence is to return parties to *status quo* prior to entry of guilty plea by vacating plea).[5]   A contrary result "would encourage gamesmanship of a most offensive nature." **Commonwealth v. Ward**, 425 A.2d 401, 405-406 (Pa. 1981).

Judgment of sentence and guilty plea vacated. Case remanded. Jurisdiction relinquished.

---

[5] Both the trial court and the Commonwealth have requested that, if Barnes were entitled to relief, the parties be restored to the *status quo*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2018